UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

| | |
|---|---|
| COLLINS FAY-MARTIN, as Parent and Next Friend to MACKENZIE FAY-MARTIN, Plaintiff<br><br>v.<br><br>AMY SCOLARO, Individually and in her capacity as Director of Special Education for Marshfield Public Schools; ERIN WIGGIN, Individually and in her capacity as Special Education Department Head for Marshfield High School; JEFFREY GRANATINO, Individually and in his capacity as Superintendent of Marshfield Public Schools; ROBERT KEUTHER, Individually and in his capacity as Principal of Marshfield High School; AMANDA BENARD, Individually and in her capacity as Guidance Counselor for Marshfield High School; DAVID KAMINSKI, Individually and in his capacity as Music Director of Marshfield Public Schools; NANCY MCLELLAN, Individually and in her capacity as English Teacher for Marshfield High School; MARSHFIELD SCHOOL COMMITTEE, MARSHFIELD PUBLIC SCHOOL DISTRICT; TOWN OF MARSHFIELD and MASSACHUSETTS BUREAU OF SPECIAL EDUCATION APPEALS,<br>              Defendants | **NOTICE OF REMOVAL** |

To:   United States District Court
      District of Massachusetts

The petition of the Defendants Amy Scalaro, Erin Wiggin, Jeffrey Granatino, Robert Keuther, Amanda Benard, David Kaminski, Nancy McClellan, Marshfield School Committee, Marshfield Public School District and Town of Marshfield, assert:

1

1.      On or about December 3, 2020, plaintiff commenced a civil action against the defendants in the Plymouth Superior Court of the Commonwealth of Massachusetts, County of Plymouth entitled Collins Fay-Martin, et al. v. Amy Scolaro, et al., Plymouth Superior Court Civil Action No. 2083CV00927C. A copy of the Complaint, and the Summons served on the defendants is attached hereto.

2.      The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 42 U.S.C. Section 1983, and is one which may be removed to this Court by the defendants pursuant to the provisions of 28 U.S.C. Section 1441.   This is an action alleging claims including those arising out of the Constitution of the United States.

3.      Written notice of the filing of this Notice shall be promptly served upon the *pro se* plaintiff and filed with the Clerk of the Plymouth Superior Court pursuant to 28 U.S.C. Section 1446(d).

5.      Pursuant to Local Rule 81.1 of the United States District Court for the District of Massachusetts, the defendants shall file certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries in the state court with this Court.

**WHEREFORE,** petitioner respectfully prays that the action now pending against them in the Plymouth Superior Court of the Commonwealth of Massachusetts in and for the County of Plymouth be removed to the United States District Court for the District of Massachusetts.

Signed and sworn to under the penalties of perjury this 21st day of December, 2020

        Defendants,

        By their attorney,

        /s/*Douglas I. Louison*

        _____
        Douglas I. Louison, BBO# 545191
        dlouison@lccplaw.com
        Louison, Costello, Condon & Pfaff, LLP
        101 Summer Street
        Boston, MA 02110
        (617) 439-0305

Date:   December 21, 2020

## **CERTIFICATE OF SERVICE**

I, hereby certify that on the21st day of December 2020, the foregoing document was served via first class mail, postage prepaid to the following:

*Pro Se Plaintiff*
Collins Fay-Martin
75 Dedham Road
Marshfield, MA 02050


*/s/Douglas I. Louison*

Douglas I. Louison

COMMONWEALTH OF MASSACHUSETTS

THE TRIAL COURT

| | |
|---|---|
| Plymouth, S.S. | Superior Court Department |

Mackenzie Fay-Martin, PPA by her Mother ~~City~~
~~STUDENT, by and thru her mother, Ms. F.;~~ and
and Next Friend, Collins Fay-MARTIN      *
~~MS. F., on her own behalf,~~                 *
                     Plaintiffs     *
v.                                              *
                                 *

Civil Action # 20-
**2083CV00927C**



FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

DEC - 3 2020

Clerk of Court

AMY SCOLARO, Individually and in her capacity   *
as Director of Special Education for Marshfield *
Public School District;                         *
                                 *

ERIN WIGGIN, Individually and in her capacity   *
as Special Education Department Head for        *
Marshfield High School                          *
                                 *

JEFFREY GRANATINO, Individually and in his      *
capacity as Superintendent of Marshfield Public *
Schools;                                        *
                                 *

ROBERT KEUTHER, Individually and in his         *
capacity as Principal of Marshfield High School; *
                                 *

AMANDA BENARD, Individually and in her          *
Capacity as Guidance Counselor for Marshfield   *
High School;                                    *
                                 *

DAVID KAMINSKI, Individually and in his         *
Capacity as Music Director of Marshfield High   *
School and Marshfield Public School District    *
                                 *

NANCY MCLELLAN, Individually and in her         *
Capacity as English Teacher for Marshfield High *
School                                          *
                                 *

MARSHFIELD SCHOOL COMMITTEE;                    *
                                 *

MARSHFIELD PUBLIC SCHOOL DISTRICT;              *
                                 *

TOWN OF MARSHFIELD; and                         *
                                 *

MASSACHUSETTS BUREAU OF SPECIAL                 *
EDUCATION APPEALS,                              *
                     Defendants      *
* * * * * * * * * * * * * * * * * * *

**COMPLAINT AND JURY CLAIM**

1

## I. Preliminary Statement

1. Plaintiffs seek judicial review of a final administrative decision issued by the Massachusetts Bureau of Special Education Appeals ("BSEA") on September 4, 2020 (BSEA # 2005814) for the reasons set forth in this Complaint.
2. Ms. F (Mother) brings this suit against the Marshfield Public School District, the school committee, the town, and certain school district employees (collectively "the District") on behalf of herself and her significantly disabled minor child, Student (hereafter referred to as "Child").
3. The Plaintiff's causes of action occurring between approximately December 17, 2018 to current against the Defendants (cumulatively as the District; each in their employed capacity with the District; and each named Defendant individually), include, but may not be limited to:
    a. Denial of a Free and Appropriate Public Education ("FAPE"): All Defendants
    b. Malicious Prosecution: Defendants Erin Wiggin, Amy Scolaro, Jeffrey Granatino
    c. Malicious Abuse of Process: Defendants
    d. Malicious Defamation (Libel/Slander): All individually named Defendants
    e. Fraudulent misrepresentation and/or omission of material fact and/or records, denying Mother and Child due process of their civil rights and their rights under other state and federal law;
    f. Deceit;
    g. Retaliation barred by IDEA and ADA and the Rehab Act;
    h. Discrimination barred by IDEA and ADA and the Rehab Act;
    i. Abuse of power: All Defendents
    j. Threat of additional malicious bad faith prosecution: The District, Superintendent, Amy Scolaro
    k. Due Process Violations: All Defendants
    l. Intentional Infliction of Emotional Distress / Intentional Mental Distress: All Defendants
    m. Loss of Consortium / Interference with Advantageous Relations: All Defendants
    n. Assault: Erin Wiggin, Amy Scolaro, Amanda Benard, Jeffrey Granatino
    o. Violation of Civil Rights: All Defendants
    p. Gross negligence: All Defendants
    q. FERPA violation against Child: Defendant David Kaminski
    r. Defamation (Malicious Slander/Libel): All individually named Defendants

2

    s.  specifically in February 2019 willfully made malicious libelous statements about the Plaintiffs to an individual who is not employed by MPSD and made an improper disclosure of personally identifying information about the Child to in violation of the Child's FERPA and Massachusetts privacy rights. The Music Directors actions wrongfully denied the Child a privilege extended to the Child's peers.

4. In taking these wrongful actions against the Child, and against Mother as advocate for the Child, the District / Districts' personnel violated the IDEA, the Rehabilitation Act, and the Child's substantive due process rights under 42 U.S.C. § 1983.

5. The individual and cumulative effect of that battery of adverse actions by the District and the District personnel over the span of more than a year resulted in the development of severe and daily chronic severe pain flair cycle in the Fall Semester of 2019.

6. The BSEA, in their September 4, 2020 administrative decision,

7. The BSEA

8. The BSEA's allowance of the District's bulk of newly produced (previously omitted) records, after multiple days of hearing had already commenced, materially prejudiced the Plaintiffs' BSEA case as the Child was denied the opportunity to recall for examination key witnesses who had already testified prior to the production and admission of the District's additional records; and where the Plaintiffs were also refused the opportunity to amend the Plaintiffs witness list. By example: Following the first 2 days of hearing (March 2020), unsolicited the District produced to Mother and to the BSEA for the first time a set of 1/2020 text messages between the District's Director of Special Education (Amy Scolaro) and her counterpart as Norwell High School (Suzan A. Theodorou). The District had withheld requested records from the Plaintiff's which were material to Plaintiff's case and hearing preparation ("Text Messages: Records do not exist", wrote Amy Scolaro, Director of Special Education, to Mother on 1/31/2020 in response to Mother's requests for all of Amy Scolaro's text messages regarding Mother and/or Child). The BSEA, in their 9/4/2020 administrative decision, then heavily relied upon those very text messages to deny Plaintiff's the relief they sought. Yet, in their 9/4/2020 decision, the BSEA takes an opposite position (yet still in favor of the District and still against Mother/Child) on a medical report that Mother produced to the District and BSEA

3

9. The District received a Home/Hospital Physician's Statement on December 17, 2018 which was completed by the Child's Boston Children's Hospital Neurologist and which that the Child's progressively worsening neurological condition had reached a point that Child was no longer able to attend school and would require in-home and in-hospital education for at least the following 7 weeks)In what could be described as a "Real House Wives of Orange County"-type fashion, for more than a year beginning, the District and numerous of its personnel (including each of the individually named Defendant's on this Complaint and the District cumulatively) were each willful and malicious participants in what became year-long a parade of gutturally shocking, severe, spiteful, and assaultive actions against the disabled Child, and against her Mother as the Child's advocate, in retaliation for the Child and her Mother seeking Special Education and related services for the disabled Child, and in response to Mother addressing up the District's and Commonwealth's chain of command the District personnel's increasingly abusive and retaliatory conduct toward the Child and Mother.

10. The District's Leadership (including but not limited to the Superintendent, the Principal, the Director of Special Education, and the Special Education Department Head) themselves participated in the malicious prosecution of the Child and her Mother, as advocate for the Child, and permitted and encouraged other personnel, including subordinate personnel, into taking malicious discriminatory and retaliatory actions against the Child and Mother.

11. Beginning 10/8/2020, the District and District personnel individually and in concert maliciously and in bad faith prosecuted Mother and Child via the Department of Children and Families, as a means of intimidation, and in a series of acts of retaliation for Plaintiff's requesting on 10/2/2020 special education services and related services for the Child, and in response to Mother's 10/7/2020 pleading to the BSEA that the District's conduct toward Mother and Child, their repeated refusal of Mother's request to convene a Team Meeting with the Child's neurologist, and their other retaliatory and discriminatory actions amounted to deliberate indifference and severe, pervasive disregard for the safety and well-being of the Child.

12. The BSEA's 9/4/2020 decision in favor of the District relies in part (and in block quoted text) upon that fact that when DCF closed the District's abuse/neglect claims against Mother on 11/1/2019, that same day (11/1/2019) the District's sent Mother an "apology" email regarding a "handful" (it was far more than a handful) of disrespectful and unprofessional emails that had been written by District personnel about Mother/Child. In a material oversight, BSEA failed to note or address in their decision, though testimony and records proving such were provided, that on 11/8/2020 (just 1 week

4

after the "apology" email to Mother upon which BSEA so heavily credited the District), the District refiled yet another malicious and bad faith complaint with DCF against Mother for neglect.

13.

14. Plaintiffs seek judicial review of a final administrative decision issued September 4, 2020 by the Massachusetts Bureau of Special Education Appeals ("BSEA")(BSEA # 2005814), for the reasons set forth in this Complaint.

15. The Guidance Counselor, The District's and individual Defendant's actions impeded Mother/Child's ability to participate in IEP meetings.

16. Plaintiffs seek damages in tort individually against the named Defendants and collectively against the District, including but not limited to costs/fees, pursuant to the Individuals with Disabilities Education Act, (IDEA) 20 U.S.C. §1401 et seq.

## II. Jurisdiction

17. This Court has jurisdiction pursuant to 20 U.S.C. §1415(i)(2).

## III. Parties

18. Plaintiff Student (Ruth, a pseudonym) is a minor child with disabilities who resides and resided with her mother, Ms. F., in Marshfield, MA during the time of the action giving rise to this Complaint and as of the date of the filing of this Complaint. Ruth was then, and remains as of the date of the filing of this action, a child who qualifies for special education and related services under an Individualized Education Plan ("IEP"), pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA") and the Massachusetts Special Education Statute M.G.L. c. 71B.

19. Plaintiff Ms. F. (Mother) is the mother of Plaintiff Student (Ruth, a pseudonym). Mother has sole legal and physical custody of Ruth. Mother resides and resided in Marshfield, MA during the time of the action giving rise to this Complaint and as of the date of the filing of this Complaint.

20. Defendant Amy Scolaro (referred to hereafter as the Director of Special Ed.) is a resident of Massachusetts and the Director of Special Education for the Marshfield Public School District in Marshfield, Plymouth County, Massachusetts. By this action, the Plaintiffs bring claims against the

5

Director of Special Ed. in both her official capacity as Director of Special Ed. at Marshfield High School and in her individual capacity.

21. At times relevant to this action, the Director of Special Ed. was responsible for the educational program provided to the Child under an IEP.

22. Defendant Erin Wiggin (referred to hereafter as Special Ed. Department Head) is a resident of Massachusetts and the Special Education Department Head for Marshfield High School in Marshfield, Plymouth County, Massachusetts. By this action, the Plaintiffs bring claims against the Special Education Department Head in both her official capacity as Special Education Department Head at Marshfield High School and in her individual capacity.

23. At the times relevant to this action, the Special Ed. Department Head was responsible for the educational program provided to the Child under an IEP.

24. Defendant Jeffrey Granatino (referred to hereafter as the Superintendent) is a Massachusetts resident and the Superintendent of the Marshfield Public School District, in Marshfield, Plymouth County, Massachusetts. By this action, the Plaintiffs bring claims against the Superintendent in both his official capacity as the Superintendent of the Marshfield Public School District, and in his individual capacity.

25. At the times relevant to this action, the Superintendent was responsible for the educational program provided to the Child under an IEP.

26. Defendant Robert Keuther (referred to hereafter as is the Principal) is a resident of Massachusetts and the Principal of Marshfield High School in Marshfield, MA. By this action, the Plaintiffs bring claims against the Principal in both his official capacity as the Principal of the Marshfield High School, and in his individual capacity.

27. At the times relevant to this action, the Principal was responsible for the educational program provided to the Child under an IEP.

28. Defendant Amanda Benard (referred to hereafter as the Guidance Counselor) is a resident of Massachusetts and the Guidance Counselor at Marshfield High School in Marshfield, MA. By this

action, the Plaintiffs bring claims against the Guidance Counselor in both her official capacity as the Guidance Counselor at Marshfield High School, and in her individual capacity.

29. At the times relevant to this action, the Guidance Counselor was responsible for the educational program provided to the Child under an IEP.

30. Defendant Nancy McLellan Benard (referred to hereafter as the Guidance Counselor) is a resident of Massachusetts and the English Teacher at Marshfield High School in Marshfield, MA. By this action, the Plaintiffs bring claims against the her in both her official capacity as the Guidance Counselor at Marshfield High School, and in her individual capacity.

31. At times relevant to this action, the English Teacher was responsible for the educational program provided to the Child under an IEP.

32. Defendant Marshfield Public School District (referred to hereafter as Marshfield or the District) is established by the laws of the Commonwealth of Massachusetts with the responsibility of providing education, including special education, to disabled children residing in the Marshfield public school district. The District receives federal funds from the United States Department of Education pursuant to the Individuals with Disabilities Education Act (IDEA).

33. Defendant Marshfield Public School District (hereafter referred to hereafter as "MPSD" or "the District" or "Marshfield"), is the public educational system of Marshfield, Massachusetts, and is a department of the Town of Marshfield, Massachusetts, and a public entity which operates under the laws of Massachusetts and under the regulations of the Massachusetts Board of Education, with offices at 76 South River Street, Marshfield, Plymouth County, MA.

34. Defendant David Kaminski (referred to hereafter as the Music Director) is a Massachusetts resident and the Music Director at Marshfield High School and for the Marshfield Public School District, in Marshfield, Plymouth County, Massachusetts. By this action, the Plaintiffs bring claims against the Music Director in both his official capacity as the Music Director of Marshfield High School and the Marshfield Public School District, and in his individual capacity.

35. At times relevant to this action, the Music Director was responsible for the educational program provided to the Child under an IEP.

36. MPSD is a recipient of federal funds from the United States Department of Education pursuant to the IDEA, and is required to provide a free and appropriate public education ("FAPE") in the least restrictive environment to all children with disabilities residing within its educational boundaries.

37. Defendant Marshfield School Committee (referred to hereafter as the School Committee) is the governing board of the Town of Marshfield Public School District with offices at 76 South River Street, Marshfield, Plymouth County, MA.

38. Defendant Massachusetts Bureau of Special Education Appeals (BSEA) issued an administrative Decision on this matter on 9/4/2020 from which Plaintiffs seek judicial review.

## IV. Factual Allegations

1. This action arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, et. seq. It is also a complaint for judicial review of a final administrative Decision of the Defendant, Bureau of Special Education Appeals ("BSEA") of the Division of Administrative Law Appeals, pursuant to 20 U.S.C. §1415(i)(2).
2. The Plaintiffs, Student (hereafter "Student" or "the Child"), by and through her parent ("Mother" or "Parent") brings this action on behalf of the Child and herself, due to the failure of the Defendant, Marshfield Public School District and its personnel ("Marshfield", "MPSD" or "District") to comply with the requirements of federal and state special education law, federal and state privacy laws, and FERPA laws, federal and state civil rights laws, abuse prevention laws, and laws that preclude discrimination and retaliation against disabled individuals and/or their advocates.
3. Ruth and her Mother are residents of the south-of-Boston ("south shore") town of Marshfield, Massachusetts, and Ruth is currently enrolled in the 10th-11th Grade at Middlebridge School ("MB" or "Middlebridge"), which is located just over the Rhode Island/Massachusetts state border and which is a Rhode Island state-approved private school, where her Parent privately placed her at the conclusion of the Child's January 2020 6-week hospitalization. Ruth remains unilaterally placed at Middlebridge at this time.
4. As explained in greater detail below, from 12/2018 to 12/2019 the District took actions against the Child (and the Child's family, as advocate for the disabled Child) which are tantamount to severe

8

and pervasive abuse, and that repeated assault upon the Child by the District, in and of itself, was and is sufficient to render Marshfield an inappropriate placement from the very first instance of such abuse by the District in December 2018 and as a result of every single abuse of the Child by the District thereafter (detailed further below).

5. BSEA decision regarding the 1/2020 and 2/2020 IEP, and District's proposed out-of-district placement(s), was not ripe for hearing
6. BSEA failed to address in its decision Compensatory Services owed to Ruth specifically for the Fall 2019 Semester of lost education.
7. BSEA applied incorrect standard for evaluating appropriateness of Mother's Unilateral Placement
8. State Created Danger by and through their intentional and grossly negligent acts (District/personnel)
9. Deliberate Indifference
10. First Amendment Violations: The District and its personnel have violated that Child and Mother's First Amendment rights, where the statement and actions by the Child's teachers and school personnel were sufficiently derogatory to constitute adverse action against the Child and her family for speaking out.
11. Amy Scolaro / Director of Special Education lied under oath during the 2020 BSEA Hearing regarding "never" doubting the severity of the child's illness.
12. Unilateral Placement at Middlebridge Is the Most Appropriate and Least Restrictive, however Mother is not required to prove least restrictive, only appropriateness under IDEA for Unilateral Placement
13. Compensatory Services a due for the Fall 2019 Semester, as the District unilaterally
14. District Personnel/District Actions/District Unilateral Decisions & Implemented Services
15. The Child Was Eligible For, But Denied, a Timely and Appropriate IEP Since 1/4/2018
16. The District Ceased Being the Appropriate Placement for the Child on 12/17/2018
17. On/after 1/1/9/2019, the District Failed to Formally Propose an IEP, Despite Finding the Child Eligible for Ongoing IEP Services
18. The District Failed to Reconvene at the End of Summer 2019 & Implemented IEP Services Without Mother's Consent and Over Mother's Express Objection
19. The District Unilaterally Altered the Child's Special Education Services on 8/28/2019 over Mother's objection, implemented such altered services beginning 9/4/2020 (the first day of school), and Refused to Include Home/Hospital Education into any IEP until 9/13/2019
20. The District failed to reconvene the Team to determine (as a TEAM) what, if any alternative placement options were available, and which, if any of those, were appropriate. As no personnel

9

from any other district/collaborative were invited to the 1/2020 and 2/2020 Team Meetings (or any other of the Child's Team Meetings), neither the Team was not able to discuss and evaluate (as a TEAM) the available placement options and the appropriateness or inappropriateness of each. Such was a denial of meaningful procedural and substantive due process right violation.

21. Beyond the above, the IEP is inadequate, as it doesn't address the whole needs of the Child, including but not limited to the social/emotional needs of the Child, which very much come into play given her diagnosis of anxiety, and given how socially isolated she's been for nearly the past 2 years, and given the interrelatedness of the Child's anxiety and stress with her migraines, and the impact of her migraines on her ability to attend school. Assuming we are only discussing the 1/2020 IEP or earlier, the District denied that the Child requires small class sizes as a result of her processing speed, attentional deficits, and medical condition. The disjointed makeshift IEP that the District presented in 1/2020 release heavily upon homebased tutoring during periods of severe exacerbation, and do not offer to transportation if the Child is too ill get on the regularly scheduled school bus in the morning, but with Middlebridge (since she's still not independent on using her Keep Moving Plan) the school personnel can work with her in her dorm room in the morning to utilize her plan, to walk with her through the grounds, to help her get out of bed and get to class (even if she's an hour late because that's how long it took to use the Keep Moving Plan). At home, if Mother is at work, there is no one to help the Child use her Keep Moving Plan to work in the direction of eventually making her way over to the school. Further, there is no one else at home to drive her to school if she missed the singular morning bus down the street. In that scenario, the Child would miss the entire school day, due to lack of built in Keep Moving Plan assistance and to lack of off hour transportation.

22. Further, no out-of-District school had accepted the Child by the time Mother had enrolled her at Middlebridge School on 1/23/2020, and the few out-of-district schools that eventually sent letters largely made the Child's acceptance contingent upon an in-person interview and/or upon Mother accepting the 1/2020 IEP, which the District already knew at the end of the 1/7/2020 Team Meeting that Mother could not accept due to the aforementioned deficits (and those are just some of the deficits). Beyond that, the Team did not reconvene to identify which of the schools the Team was recommending (not all schools are created equal, and they should be treated as such).

23. Regarding the 2/2020 Proposed IEP, it is outside the scope of this hearing, except to the extent that in 2/2020 the District's Team determined that collaboratives are the LRE, which ipso facto makes the previously investigated out-of-district traditional public high schools not an appropriate placement (as collaboratives are more restrictive than traditional high schools, but the District side of

10

the Team decided in 2/2020 that collaboratives were the LRE. If the District wants to recommend collaboratives for the Child's senior year, that's their prerogative, but for the Child's upcoming junior year (or what would normally be her junior year), the most recent Proposed IEP that issued prior to her enrollment at Middlebridge School was the 1/2020 IEP (received by Mother 1/14/2020, and not sent to any out-of-district schools until 1/14/2020 at the earliest). In sum, by determining in 2/2020 that a collaborative and small class sizes was the LRE, that takes the other traditional out-of-district high schools off the table. As Mother enrolled the Child at Middlebridge School 1/23/2020, and the District's two acceptance letters of the Child to local area collaboratives were dated at the very end of 2/2020 and the beginning of 3/2020, and not proffered to Mother or to the Hearing Officer until after the start of the BSEA hearings in March 2020, and where the District has not sought to join any other school or school district, nor reconvened the Team to discuss the tentative collaborative acceptance letters, nor has the District sought to introduce as witness or Employee or credible source of current information regarding such collaboratives or other out-of-district high schools, they have left the child with no placement, they cannot credibly put such forward at an appropriate placement for the child. Not all collaboratives are created equal. And particularly important is that the collaboratives do not offer much if anything in the way of extracurricular activities, and the Child's only real source of extracurriculars would be at Marshfield High School to which all parties including the BSEA Hearing Officer are agrees would not be appropriate for the Child to return. (Testimony of Michael Fish, Vol. 5; Stipulation of the District, Vol. I).

24. As to the various school and collaborative handbooks that were reviewed during the hearing, it is insufficient for the District to, on the eve of the final day of hearing, edit a few words in a handbook or program of studies and then claim that the matter is moot. Mother raised the handbook issue with the school in 8/2019, and again on 9/3/2020, and the District waited until 9/18/2020 (the night before the 9/19/2019 BSEA Pre-Hearing Conference) to seek to have changed the offending and discriminatory language about Home/Hospital Tutoring vs. Forfeiture of Academic Credit, and by that time the damage was done – it was just one more cause for anxiety (and thereby physical pain) for the Child, which clearly was within the power of the District to change on a moment's notice if they so choose, but which they did not change for week until after Child's illness was exacerbated and until after Mother had been forced for file a BSEA Hearing Request. The Hearing Officer knows well that the language in that Handbook was facially invalid, never should have existed, should have been immediately changed the very day that it was first brought to the attention of District administration. The BSEA Hearing Officer knows that the same is true of absence and homebound instruction v. credit forfeiture language included in the other out-of-district high school

and collaborative handbooks that were reviewed during the BSEA hearing. And while Marshfield may have quickly moved to amend the wording of their Program of Studies this June 2020, for the sake of producing the amendment at a BSEA hearing and claiming mootness, as matters "capable of repetition yet evading review" are not moot (Southern Pacific Terminal Co. v. ICC, 219 U.S. 433, 452 (1911). And there is nothing stopping the District from reimplementing the offending language, for a similar variant, in the future, and as Mother has evidenced that blatantly discriminatory language abounds throughout handbooks within this Commonwealth's Public Schools, a written word on this matter to ensure that the redaction stays redacted, and why, would please be welcome given the angst that the Child was placed under wondering if she would lose all academic credit for being ill and utilizing home healthcare services, and given the unnecessary level to which Mother had to climb to bring the matter to light and have it addressed.

WHEREFORE, Plaintiffs pray for the following relief:

1. That this Court take jurisdiction of this matter.

2. That, pursuant to the Individuals with Disabilities Education Act, this Court award plaintiff fees and cost, as well as reimbursement for the Child's enrollment at Middlebridge School for the 2nd semester of the 2019-2020 school year and for the full current 2020-2021 school year; that the District be required to provide the Child with 1 year of compensatory education at Middlebridge School for the 2022-2023 academic year to compensate for the District's unilateral termination of home/hospital educational services to the Child during the Fall 2019 semester (the District, by and through a self-serving written timeline first produced half way into the 5 days of hearing, intentionally mislead the BSEA into erroneously believing that they had reinstated and resumed providing home-/hospital-education services to the Child after the District unilaterally, wrongly, and spitefully terminated the services to the Child without notice on 10/7/2020). To be utterly clear – the Department of Children and Families found that the District unilaterally terminated services and did not timely reinstate such services in the Fall 2019 semester.

3. Damages for loss of consortium and intentional infliction of emotional distress and other tortious acts.

4. Any additional relief this Court deems appropriate.

Respectfully submitted on this 3rd day of December 2020,

_____
Collins Fay-Martin
75 Dedham Road
Marshfield, MA 02050
Phone: (508) 333-3770
Email: [illegible]

13